EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527
     Facsimile: (213) 894-0141
     E-mail:    scott.paetty@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-191-SJO |
|---|---|
| Plaintiff, | STIPULATION REGARDING RESTITUTION |
| v. | |
| TODD EDDIE BENSE, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Scott Paetty, and defendant TODD EDDIE BENSE, both individually and by and through his counsel of record, Eric A. Chase, hereby stipulate as follows:

    1.   On April 4, 2016, defendant Todd Eddie Bense ("defendant"), pursuant to a plea agreement (Dkt. No. 27), pleaded guilty to count four of a five-count indictment in this matter, specifically receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).

2. On June 8, 2015, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR") (Dkt. No. 30) in this matter.

3. In the PSR, USPO determined that restitution in this case is applicable pursuant to 18 U.S.C. § 2259, which prescribes mandatory restitution for sexual exploitation and other abuse of children, committed on or after September 13, 1994, and charged under the provisions of 18 U.S.C. §§ 2251-2258, 2260. (PSR ¶ 102.) In the plea agreement, defendant agreed to pay restitution to any victim losses suffered by that victim as a result of relevant conduct. (Plea Agreement ¶ 7.)

4. On July 5, 2016, the government filed its sentencing position (Dkt. No. 31) which stated that the government was in the process of gathering information from the victims regarding restitution.

5. To date, six victims have submitted restitution requests.

6. In Paroline v. United States, 134 S. Ct. 1710, 1722 (2014), the Supreme Court held that "[r]estitution is proper under 18 U.S.C. § 2259 only to the extent the defendant's offense proximately caused a victim's losses." In applying the statute's causation requirements, the Supreme Court determined that "victims should be compensated and defendants should be held to account for the impact of their conduct on those victims, but defendants should only be made liable for the consequences and gravity of their own conduct, not the conduct of others." Id. The Supreme Court recognized that the amount would not be severe in cases where the nature of the causal connection between the conduct of a possessor, like Paroline, and the

1   entirety of the victim's general losses from the trade in her images,
2   which are the product of the acts of thousands of offenders.  Id. at
3   1727.  Nevertheless, the Court noted that the amount of restitution
4   should not be a "token or nominal amount."  Id.  The Court concluded
5   that "the required restitution [should] be a reasonable and
6   circumscribed award imposed in recognition of the indisputable role
7   of the offender in the causal process underlying the victim's losses
8   and suited to the relative size of that causal role."  Id.  Such a
9   restitution award would serve the "twin goals" of (1) the victim
10  eventually receiving restitution for all losses resulting from the
11  continued circulation of the images and (2) impressing upon offenders
12  the fact that even the offense of simple possession of child
13  pornography affects real victims.  Id.
14      7.   In United States v. Galan, 804 F.3d 1287, 1291 (9th Cir.
15  2015), the Ninth Circuit required that restitution awards in child
16  pornography cases "disaggregate" harms and losses (both past and
17  future) suffered by a victim as a result of the original sexual abuse
18  from ongoing harms suffered as a result of the continued trafficking
19  in and possession of images of the abuse.  The court had "no illusion
20  that the task will be easy," and stated that "precision is neither
21  expected nor required," and the court "recognize[d] that the ultimate
22  decision will be a mix of discretion and estimation and that it may
23  result in complication and prolongation of the sentencing process."
24  Id. (internal citation and quotation marks omitted).
25      8.   In arriving at the agreed upon restitution, the parties
26  have attempted to follow Galan by focusing on the harm attributable
27  solely to the defendant's conduct, and not the original contact
28

3

offense.  The parties agree that defendant was a possessor of the images in question and did not have anything to do with their production.  Moreover, the parties considered the victim's assertions of ongoing harm due to the pain of knowing that the images of their victimization are still being disseminated and shared, and considered how the victims continue to endure hurt and shame knowing that others may have seen the images.  The parties further considered the federal cases where Assistant United States Attorneys voluntarily reported restitution orders.  The parties also considered the mean, median, and mode of the restitution awards in those cases.  The parties recognize, however, that they do not have reasonably reliable information of post-<u>Galan</u> cases, or cases that have been prosecuted by state and international authorities involving the victims at issue in this case or the potentially large numbers of individuals who have committed child pornography offenses involving the victims in this case, but have escaped prosecution for their crimes to date, and who may never be prosecuted for their crimes.  Also, the parties considered the potentially large number of future offenders who may or may not be prosecuted.  Finally, the parties considered the number of images the defendant possessed of each victim that has sought restitution in this case.  The parties' agreed upon amounts for each victim reflect all of these considerations.

    9.   In addition to the foregoing, government counsel reached out to the attorney for each of the victims that has sought

1  restitution in this matter to discuss the amounts set forth below.[1]
2  There were no objections.
3       10.  Based on the foregoing considerations, the parties hereby
4  agree that the individuals set forth below are victims in this case,
5  meaning they are individuals harmed as a result of a commission of a
6  crime under Chapter 110 of Title 18, which includes defendant's
7  crime, as provided in 18 U.S.C. § 2259(c).  The parties also agree to
8  the following awards of restitution:
9            a.   Victim Jessica
10                i.   Restitution Amount:  $3,500
11               ii.   Payable to: "Jennifer Freeman in trust for
12 Jessica," c/o The Marsh Law Firm PLLC, P.O. Box 4669 #65135, New
13 York, NY 10163-4668
14           b.   Victim Misty
15                i.   Restitution Amount:  $5,681
16           c.   Payable to: "Jennifer Freeman in trust for Misty," c/o
17 The Marsh Law Firm PLLC, P.O. Box 4669 #65135, New York, NY 10163-
18 4668
19           d.   Marineland Series
20                i.   Restitution Amount: $2,250
21               ii.   Payable to: "Carol L. Hepburn in trust for
22 Sarah", c/o Carol L. Hepburn, 2722 Eastlake Avenue E. Suite 200,
23 Seattle, WA 98102
24           e.   Lighthouse Series
25                i.   Restitution Amount: $3,500

---

[1] Government counsel left three messages over the course of three weeks for Jennifer Freeman, counsel for victims "Jessica" and "Misty," but received no response.

      ii. Payable to: "Sara J. Powell in trust for Cassiopeia", c/o Law Office of Sara J. Powell, PLLC, 550 W. Portland Street, Phoenix, AZ 85003

   f. Victim Angela

      i. Restitution Amount: $2,610

      ii. Payable to: "Marc C. Lenahan in trust for Angela," c/o Lenahan Law, PLLC, 2655 Villa Creek, Suite 204, Dallas, Texas 75234

   g. 8 Kids Series

      i. Restitution Amount: $5,500

      ii. Payable to: "Tanya L. Hankins in trust for John Does I-V," c/o The Law Office of Erik L. Bauer, 215 Tacoma Avenue South, Tacoma, Washington 98402.

///

///

11. The parties further agree that the restitution amounts are reasonable, suited to defendant's causal role in each victim's general losses, and represent an attempt by the parties to disaggregate the harm caused by defendant. The total amount of the agreed upon restitution in this matter is $23,041.

IT IS SO STIPULATED.

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Scott Paetty*                                                October 3, 2016
_____                      _____
SCOTT PAETTY                                                     Date
Assistant United States Attorney


_____                      _____
ERIC A. CHASE                                                    Date
Attorney for Defendant
TODD EDDIE BENSE


_____                      _____
TODD EDDIE BENSE                                                 Date
Defendant

11. The parties further agree that the restitution amounts are reasonable, suited to defendant's causal role in each victim's general losses, and represent an attempt by the parties to disaggregate the harm caused by defendant. The total amount of the agreed upon restitution in this matter is $23,041.

IT IS SO STIPULATED.

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____       _____
SCOTT PAETTY                    Date
Assistant United States Attorney

*/s/ Eric Chase*                10/03/16
_____       _____
ERIC A. CHASE                   Date
Attorney for Defendant
TODD EDDIE BENSE

*/s/ Todd Bense*                10/02/2016
_____       _____
TODD EDDIE BENSE                Date
Defendant

7